UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH JOHN KARNIG,

      Plaintiff,

v.                                                                    CASE NO.

UNITED OF OMAHA LIFE INSURANCE
COMPANY,

      Defendant.

_____/

## NOTICE OF REMOVAL

Defendant United of Omaha Life Insurance Company ("United of Omaha")

files this Notice of Removal and states as follows:

### I.    STATE COURT ACTION

1.    Plaintiff Kenneth John Karnig ("Plaintiff") commenced this action on

or about November 27, 2023 by the filing of a Statement of Claim (the "Complaint")

in the County Court of the Thirteenth Judicial Circuit in and for Hillsborough

County, Florida, Case No. 23-CC-125781. On January 9, 2024, Plaintiff filed an

Affidavit of Service stating that on December 19, 2023, a process server provided the

Summons, Statement of Claim, and Notice to Appear for Pretrial Conference to a

security supervisor at 3300 Mutual of Omaha Plaza, Omaha, Nebraska 68175. As a

licensed insurance company in the State of Florida, United of Omaha may only be

served with process in the state of Florida through the Chief Financial Officer of the

State of Florida. See Fla. Stat. § 624.422(1) ("Each licensed insurer . . . shall be deemed to have appointed the Chief Financial Officer . . . as its attorney to receive service of all legal process issued against it in any civil action or proceeding in this state."); Fla. Stat. § 624.422(3) ("[s]ervice of process upon the Chief Financial Officer as the insurer's attorney pursuant to such an appointment shall be **the sole method of service of process upon an authorized domestic, foreign, or alien insurer in this state**.") (emphasis added). Thus, service has not been properly effectuated. Nevertheless, in an abundance of caution and reserving all rights as to improper service of process, United of Omaha timely files this Notice of Removal within 30 days of December 19, 2023.[1]

2.      The Statement of Claim, Civil Cover Sheet, Summons and Notice to Appear for Pretrial Conference, Affidavit of Service Returned, Court Ticket, and Certificate of Service of Correspondence constitute the only process, pleadings or papers served in this action (collectively attached as **Exhibit 1**).[2]

3.      This Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332 and it is one that may be removed to this Court by United of

---

[1] While a responsive pleading in state court was not required pursuant to Fla. Sm. Cl. R. 7.090(c), which states that "defensive pleadings are not necessary," under Federal Rule of Civil Procedure 81(c)(2)(C), "a defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods … (C) 7 days after the notice of removal is filed." Accordingly, United of Omaha's response to Plaintiff's complaint is now due by January 25, 2024.

[2] At the time of the removal, the Correspondence was not available for download from the County Court and United of Omaha had not received a copy of the Correspondence but United of Omaha will file in this Court a copy of the Correspondence and any further court filings upon receipt.

Omaha pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states. See Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (in determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal.). Removal is effectuated pursuant to the provisions of 28 U.S.C. § 1441 and is timely under the provisions of 28 U.S.C. § 1446(b) in that less than thirty (30) days have passed since United of Omaha was provided with the Complaint (although service has not been properly effectuated). See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 119 S. Ct. 1322, 1325 (1999) (the thirty days period for removal is triggered by "simultaneous service of the summons and complaint or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not be mere receipt of the complaint unattended by any formal service").

4.      For purposes of diversity, this Court may consider the entire record presented to it for removal and not merely the Complaint. See Dynasty Mgmt, LLC v. UMG Recordings, Inc., ----F. App'x---, No. 17-14922, 2018 WL 6721320, at *6 (11th Cir. Dec. 21, 2018); Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754-55 (11th Cir. 2010); Woolard v. Heyer-Schulte, 791 F. Supp. 294 (S.D. Fla. 1992). The Woolard court held that a defendant seeking to remove an action based on diversity of citizenship can supply the elements required to establish federal diversity jurisdiction in its removal papers. Woolard, 791 F. Supp. at 295; see also Baker v.

Firestone Tire & Rubber Co., 537 F. Supp. 244, 246 (S.D. Fla. 1982); Estevez-

Gonzalez v. Kraft, Inc., 606 F. Supp. 127, 129 (S.D. Fla. 1985). In Woolard, the

court specifically rejected the argument that a court should only look at the face of a

complaint when determining removal jurisdiction in diversity cases.  Woolard, 791

F. Supp. at 295. The court stated that, if it adopted the face of the complaint rule:

> [D]efendants' statutory right to removal would be wholly
> contingent upon the Plaintiff's choice of words.  If, for example,
> a citizen of Florida were suing a citizen of New York in Florida
> state court for a million dollars, he could foreclose the possibility
> of removal simply by omitting any allegation of the Defendant's
> citizenship.  As the commentators have written, were this the
> rule, it would be a most undesirable one.

Id. at 296-97 (citations omitted); see also Wright v. Continental Cas. Co., 456 F.

Supp. 1075, 1077 (M.D. Fla. 1978). Here, it is evident that diversity of citizenship

exists.

5.    Additionally, Federal Practice and Procedure by Wright, Miller &

Cooper, explains that a federal district court's consideration of both the Complaint

and the Notice of Removal is statutorily correct. Indeed, the failure to consider the

Notice of Removal would deprive a defendant of the statutory right to remove.

Section 3734 of Federal Practice and Procedure states:

> Fortunately, **in practice, the federal courts usually do not limit
> their inquiry to the face of the Plaintiff's complaint, but rather
> consider the facts disclosed on the record as a whole in
> determining the propriety of removal.  Section 1446 [of 28
> U.S.C.] makes it clear that this practice is correct**.  The
> provision that a removal petition may be filed within thirty days
> of receipt of an "amended, pleading, motion, order or other
> paper" from which it first appears that the case is removable
> demonstrates that a variety of papers may be considered in

> determining the removability of a case and it has been so held. Similarly **there would be little point in requiring the petition for removal to contain a "short and plain statement" of the grounds for removal, if the federal court could not look to that statement to inform itself of the propriety of removal**.

14A Wright, Miller & Cooper, <u>Federal Practice and Procedure: Jurisdiction</u>, 2d, § 3734 (1991) (emphases added). To look strictly at the Complaint, and nothing else, would allow a plaintiff, either intentionally or unintentionally, to defeat a defendant's right to remove a case which in fact meets the diversity jurisdiction requirements by mischaracterizing or omitting relevant facts from the Complaint. 14A Wright, Miller & Cooper § 3734.

### a. Diversity of Citizenship

6.      This action satisfies 28 U.S.C. § 1332 because at the time the Complaint was filed and at the time of removal, the Parties have been citizens of different states.

7.      At all relevant periods, Plaintiff has been a citizen of the state of Florida. [Statement of Claim at p.2; Notice of Removal Ex. 2 at pp. 1 – 2].

8.      Further, at all relevant periods, Defendant, United of Omaha, has been a citizen of the state of Nebraska where it is incorporated and where it has its principal place of business.[3] [Statement of Claim at p.1; Affidavit of Service; Notice of Removal Ex. 2 at pp. 1 -2].

---

[3]   A corporation is "deemed" to be a citizen of its state of incorporation and its principal place of business for purposes of diversity.  28 U.S.C. § 1332(c)(1).

### b. Amount in Controversy

9.      This action further satisfies 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00.

10.      In the Statement of Claim, Plaintiff alleges that he seeks $7,995.00. [Statement of Claim at p. 2]. However, this is inconsistent with and contradicted by the exhibits to the Statement of Claim, which make clear that Plaintiff also seeks to recover the life insurance policy's alleged $85,000.00 value as well as a refund of premiums paid for the Policy.  The face value of the life insurance policy was $100,000.00 but the Policy had loans taken against it and it lapsed in August, so the value of the Policy (alleged to be $85,000,00 by Plaintiff) is at issue given Plaintiff appears to challenge the lapse. Plaintiff provides no plausible basis for the $7,995.00. figure. Removal cannot be denied due to Plaintiff's vagueness or omissions in the Complaint.

11.      A defendant seeking removal on diversity grounds should not be denied "access to federal court merely because the complaint . . . is couched in nebulous terms." Baker 537 F. Supp. at 246 (citing Gaitor v. Peninsular & Occidental Steamship Co., 287 F.2d 252, 255 (5th Cir. 1961)).[4] Thus, in determining whether the amount in controversy exceeds the jurisdictional requirement, the allegations in the Complaint must be given a reasonable interpretation. Baker, 527 F. Supp. at 246; Estevez-Gonzalez, 606 F. Supp. at 129. If the jurisdictional amount is not facially

_____

[4] All opinions of the former Fifth Circuit decided prior to the close of business on September 30, 1981 are binding precedent on this Court.  See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

apparent from the complaint, courts should look to the Notice of Removal and may require evidence relevant to the amount in controversy at the time the case was removed. Roe v. Michelin N. Am., 613 F.3d 1058, 1061 (11th Cir. 2010); see also Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001); see also Estevez, 606 F. Supp. at 129 (holding the court may determine the amount in controversy for jurisdictional purposes by reference to the removal petition); Wright, 456 F. Supp. at 1077; Kennard v. Harris Corp., 728 F. Supp. 453, 454 (E.D. Mich. 1989); Smith v. Executive Fund Life Ins. Co., 651 F. Supp. 269, 270 (M.D. La. 1986); Family Motor Inn, Inc. v. L-K Enterprises, 369 F. Supp. 766, 768 (E.D. Ky. 1973); Garland v. Humble Oil & Refining Co., 306 F. Supp. 608, 610 (E.D. Tenn. 1969).

12.    Where a plaintiff has made an unspecified or inconsistent demand for damages in state court, a removing defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the Court's jurisdictional requirement. Dudley v. Eli Lilly & Co., 778 F.3d 909, 913 (11th Cir. 2014); Pretka, 608 F.3d at 752; Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds sub nom, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000); accord Golden v. Dodge Markam Co., Inc., 1 F. Supp. 2d 1360, 1362-63 (M.D. Fla. 1998). A removing defendant can discharge this burden by showing that the allegations in the Complaint and the Notice of Removal demonstrate that a verdict rendered in favor of the plaintiff could exceed $75,000.00. See Williams, 269 F.3d at 1319. Under Williams, if the jurisdictional amount is not

facially apparent from the complaint and/or the notice of removal, the court should

hold an evidentiary hearing to determine the amount in controversy.  See Id. at 1319-

20.  Here, there is no doubt that more than $75,000.00 is in controversy, exclusive of

interest and costs, as is discussed below in detail.

### 1. Misrepresentation[5]

13.     Plaintiff seeks to recover a portion of the premiums paid for the Policy

as well as the Policy's alleged $85,000.00 value based on the alleged

misrepresentations of an insurance producer.

14.     In Plaintiff's Statement of Claim, he states that in 2010 he purchased a

$100,000.00 life insurance policy through an insurance producer, Jeff Warbritton.

(Statement of Claim Ex. 1). Plaintiff alleges that Mr. Warbritton represented that,

after three years, his monthly premium would remain fixed at $335.00. (Statement of

Claim Ex. 1). Plaintiff also alleges that Mr. Warbritton failed to explain the Policy's

premium escalation features and circumstances under which his premium would

increase. (Statement of Claim Ex. 1).

15.     Plaintiff claims that he paid a monthly premium of $367.67 instead of

his expected monthly premium of $335.00. (Statement of Claim Exhibit 7 ¶ 3,

Exhibit 8 ¶ 2). On August 2, 2023, the Policy lapsed due to Plaintiff's failure to pay

the premium. (August 14, 2023 Letter from United of Omaha to Plaintiff, attached as

---

[5] United of Omaha provides its statements as to Plaintiff's apparent claims or
allegations only to support its Notice of Removal but preserves all defenses and objections
as to any claims asserted by Plaintiff, including failure to state a claim, as Plaintiff's
Statement of Claim fails to clearly state the basis for any claims or the elements of any
causes of action as required by the Federal Rules of Civil Procedure.

**Exhibit 2**). Plaintiff claims to be entitled to a refund of premiums paid above $335.00 per month, as well as the alleged value of the Policy which Plaintiff alleges was approximately $85,000.00 (reduced from $100,000.00 to account for loans Plaintiff took against the Policy). (Statement of Claim Exhibit 6 ¶ 2).

## 2. Rescission of the Policy

16.   Additionally, although the precise nature of Plaintiff's claim is unclear, to the extent he is seeking a rescission of the Policy or challenging the validity of the Policy or its lapse, the value of the Policy, which Plaintiff alleges is approximately $85,000.00, is at issue.

17.   Plaintiff alleges that on his insurance application, Mr. Warbritton falsely represented that Plaintiff was a non-smoker. (Statement of Claim Exhibit 1; Statement of Claim Exhibit 3 at p.6). Plaintiff alleges that had Mr. Warbritton informed United of Omaha that Plaintiff was a smoker, "the underlying contract might never have been approved." (Statement of Claim Exhibit 1).

18.   "When the validity of an insurance contract is at stake, the amount in controversy is the face value of the policy." N. Pointe Ins. Co. v. Simoneau Elec. LLC, No. 3:13-CV-208-J-99TJC, 2014 WL 92718, at *3 (M.D. Fla. Jan. 9, 2014) (citing Guardian Life Ins. Co. of Am. v. Muniz, 101 F.3d 93, 94 (11th Cir. 1996)); see also Evanston Ins. Co. v. Sun W. Acquisition Corp., No. 8:13-CV-2893-T-33TGW, 2014 WL 988764, at *6 (M.D. Fla. Mar. 13, 2014) ("adher[ing] to the principle observed by the Eleventh Circuit in Guardian Life and practiced by the Seventh, Fifth, and Eighth Circuits" that when the validity of an insurance policy is

at stake, the jurisdictional amount in controversy is the face value of the policy regardless of whether the pending claims for benefits exceed the jurisdictional threshold).

19.      Therefore, because Plaintiff has placed the value and/or the validity of the Policy at issue, the amount in controversy exceeds $75,000.00.

### Removal Jurisdiction

20.      Based on a reasonable interpretation of the pleadings and the record before this Court, Plaintiff's claim for damages includes: (1) recovery of the Policy's alleged $85,000.00 value as well as at least a partial refund of premiums due to the producer's alleged misrepresentations[6]; and/or (2) the Policy's alleged $85,000.00 value and a full refund of premiums paid for the Policy due to rescission. Therefore, the amount in controversy as claimed by Plaintiff is in excess of this Court's jurisdictional prerequisite. As such, it is clear that this Court has subject matter jurisdiction. Accordingly, Defendant United of Omaha hereby removes this action from the Thirteenth Judicial Circuit in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida.

---

[6] Plaintiff's claims fail to account for the fact that premiums for him as a smoker presumably would have been higher than the premiums charged for a non-smoker.

Dated: January 18, 2024

McDOWELL HETHERINGTON LLP
Attorneys for Defendant
2385 N.W. Executive Center Drive, Suite 400
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax


By: ___*s/Wendy L. Furman*___
       WENDY L. FURMAN
       Fla. Bar No. 0085146
       wendy.furman@mhllp.com
       DANIELLE S. PLOSHNICK
       Fla. Bar No. 118911
       danielle.ploshnick@mhllp.com


## CERTIFICATE OF SERVICE

I certify that on January 18, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a copy of this document was served by U.S. First Class Mail on the following:

Kenneth John Karnig, pro se
12613 Clendenning Drive
Tampa, FL 33618
*Pro Se Plaintiff*


*s/Wendy L. Furman*
Wendy L. Furman